Commonwealth ex rel. McGrath, Appellant, *v.* Maroney.

Submitted September 14, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Joseph McGrath,* appellant, in propria persona.

*Gordon Gelfond,* Assistant District Attorney, *Thomas M. Reed,* Chief Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION PER CURIAM, October 9, 1964:

The defendant has appealed from the denial of a new trial on his petition for habeas corpus. He claims that he was not represented by counsel at the time he pleaded guilty, along with four other defendants, to several bills. He received sentences totaling ten to thirty years. The able and careful hearing judge was evidently misled by the index page (page 2) of the notes of testimony which recites that Thomas E. Cogan, Esquire, who was then the voluntary defender, was "present" for all defendants except Thomas Welsh. Moreover, Cogan did represent Thomas McGrath one of the other defendants with the same surname as the petitioner. It is clear from the body of the notes, however, that the index page was in error. There is no statement in the testimony anywhere by either Mr. Cogan or the defendant, Edward McGrath, to the effect that Cogan represented him. Mr. Cogan stated on page 17 that he represented Thomas McGrath and that he also represented the defendant Singley. He then proceeded to speak for them. At page 19, the court asked with reference to the petitioner: "Who represents Edward McGrath?" Mr. Cogan answered: "He didn't ask for me." The court then interrogated Edward McGrath as to his previous record and conduct and proceeded to sentence him. Mr. Cogan did

not question McGrath or offer anything on his behalf nor did he speak for him.

The petitioner avers that he was seventeen years old when the trial took place, that he was indigent and unaware of the law or his rights, and that he was unrepresented by counsel at his trial and was not advised of his right to have counsel appointed or otherwise provided. Under the circumstances, the matter cannot properly be disposed of upon the notes without a hearing. See *Commonwealth ex rel. Goodfellow v. Rundle,* 203 Pa. Superior Ct. 419, 441, 201 A. 2d 615, 626 (1964).

The cause is remanded to the Court of Common Pleas No. 3 of Philadelphia County for further consideration and appropriáte proceedings in the light of *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), in order that Joseph McGrath, otherwise known as Edward McGrath, may have an opportunity to establish by evidence the material averments of his petition and the Commonwealth may have an opportunity to affirm or deny or rebut this evidence. After hearing the evidence, the Court of Common Pleas No. 3 of Philadelphia County shall make its findings and enter an appropriate order of judgment consistent with the evidence and the law, and the opinion of the Supreme Court in *Gideon v. Wainwright,* supra, and in accord with right and justice, the Constitution of the United States and the Constitution and the laws of the Commonwealth of Pennsylvania.

Order reversed and cause remanded with a procedendo.